East'n District,
*May*, 1824.

GODEL
*vs.*
M'LANAHAN.

———◦◦◦———

### MILES vs. FORD & AL.

APPEAL from the court of the eighth district.

MARTIN, J. delivered the opinion of the court. The defendants, sued by the plaintiff, curator of the estate of E. Ford, on their note for $559 75, payable to the successors of E. Ford, pleaded that the said succession is indebted to the defendant Ford, in the sum of $890, for the restoration of her paraphernal property, received by said E. Ford, her husband; for the expenses of his funeral, and for monies spent in the melioration of his estate—which she prays may be compensated, averring that she has instituted a suit for her claims, in the court of probates; where it, and that of the curator, ought to be settled.

There was judgment for the plaintiff, and the defendants appealed.

Claims against vacant estates are exclesively cognizable in the court of probates.

East'n District.
*May*, 1824.

MILES
*vs.*
FORD & AL.

It appears that at the trial, the defendants' counsel offered to prove that the defendant Ford was the principal, and the other the surety, in the note sued upon—to prove part of her account, annexed to the answer and before trial, a continuance and commission were prayed, to establish the rest of the said account, offering to make the the usual affidavit; the court refused it, on the ground that proof of said account was inadmissible. The counsel took a bill of exceptions.

We think the district court did not err—claims against vacant estates are exclusively to be acted on in the court of probates. All the creditors of such estates, have a right to contend there; and they would be allowed ex parte, in a suit in which the creditors are not cited, and cannot intervene.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed, with costs.

*Hoffman* for the plaintiff, *Preston* for the defendants.